Filed 3/16/15  P. v. Villarreal CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JESUS MARIO VILLARREAL, JR.,<br><br>　　Defendant and Appellant. | F068735<br><br>(Super. Ct. No. 1092502)<br><br>**O P I N I O N** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Detjen, J., and Smith, J.

1

# FACTS AND PROCEEDINGS

Jesus Mario Villarreal, Jr., appellant, is before this court on his third appeal. [1]  In *Villarreal I,* we found the trial court erred in failing to conduct an inquiry into appellant's complaints about his trial court's counsel and remanded the matter for the trial court to conduct a *Marsden*[2] hearing.  On remand, the trial court denied appellant's *Marsden* motion to substitute his trial counsel.  In *Villarreal II*, this court concluded that the trial court erred in denying appellant's *Marsden* motion and we ordered the trial court on remand to grant the *Marsden* motion, appoint new trial counsel for appellant, and entertain any motion by appellant to withdraw his plea.

After remand from his second appeal, the trial court granted appellant's motion to withdraw his plea.[3]  On the day set for trial, November 12, 2013, appellant changed his not guilty pleas and entered into a new plea agreement.  Under the terms of the plea agreement, appellant agreed to a sentence between 42 and 44 years to life.  The trial court advised appellant of the consequences of his plea.  The court further advised appellant of, and appellant waived, his constitutional rights pursuant to *Boykin*/*Tahl*.[4]  Appellant pled no contest to all eight counts of the original information.[5]

---

[1]    On March 28, 2014, this court took judicial notice of our nonpublished opinions in appellant's first two appeals, *People v. Villarreal* (Mar. 3, 2009, F055291) (*Villarreal I*), and *People v. Villarreal* (Feb. 2, 2011, F058288) (*Villarreal II*).

[2]    *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[3]    In appellant's original plea agreement, he admitted two counts of section 269, subdivision (a) and received consecutive prison terms of 15 years to life for each count. Six other counts were dismissed.

[4]    *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

[5]    The information alleged two counts of aggravated sexual assault of a minor under 14 years of age (§ 269, subd. (a), counts I & V), three counts of penetration of a genital opening with a foreign object on a minor under 14 years of age (§ 289, subd. (j), counts II, IV, & VII), one count of continuous lewd and lascivious activity on a minor under 14 years of age (§ 288.5, count III), one count of oral copulation on a minor under 14 years

On December 16, 2013, the trial court sentenced appellant to an indeterminate prison term of 30 years to life based on consecutive terms of 15 years to life on counts I and V. The court sentenced appellant to a determinate prison term of 14 years based on consecutive terms of six years on count III and two years on each of counts II, IV, VI, and VII.[6] The court awarded appellant actual custody credits of 2,763 days, conduct credits of 414 days, and total custody credits of 3,177 days.

The court imposed a restitution fine of $280 multiplied by 44 years for a total fine of $12,320 pursuant to sections 1202.4, subdivision (b) and 1202.45 (suspended unless parole is revoked). Appellant contends the trial court erred in imposing this restitution fine because it exceeded the $8,800 fine imposed under his original plea agreement and because the amount exceeds the statutory maximum fine of $10,000 set forth in section 1202.4, subdivision (b)(1) which was in effect between 2004 and 2005 when appellant committed his offenses. The People do not concede the first point, but concur with appellant that the trial court erred in imposing a restitution fine greater than $10,000.

## RESTITUTION FINE

Section 1202.4, subdivision (b)(1) provided in 2004 that a restitution fine "shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony …." (Stats. 2004, ch. 223, § 2.) Because this is an unauthorized sentence by the trial court, it can be raised any time and is not subject to forfeiture for failing to raise the issue with the trial court. (*People v. Smith* (2001) 24 Cal.4th 849, 852-854.) The People concede the trial court erred in

of age (§ 288a, subd. (c)(1), count VI), and one count of knowingly possessing matter, data, and images depicting a minor in or simulating sexual conduct (§ 311.11, count VIII).

[6] Count VIII was sentenced as a misdemeanor to be served concurrently with appellant's prison sentence.

3

imposing a restitution fine in excess of $10,000 pursuant to sections 1202.4 and 1202.45. We agree with the parties and remand for the trial court to impose a new restitution fine.

Appellant contends that because the trial court originally imposed a restitution fine of $8,800, the court violated the prohibition against double jeopardy in imposing a restitution fine over that amount. The rule against double jeopardy, however, does not apply after a defendant successfully withdraws a prior guilty plea. The sentence imposed pursuant to the invalidated plea agreement does not serve as a cap on subsequent sentencing. (*People v. Hanson* (2000) 23 Cal.4th 355, 360, fn. 2; *People v. Superior Court* (*Garcia*) (1982) 131 Cal.App.3d 256, 258-260.) We reject appellant's argument to the contrary.

Appellant further argues that the court multiplied 44 years by $280, a dollar amount and formula present under the current statute that were not applicable to appellant when he committed his offenses beginning in 2004. We agree with appellant that the trial court cannot apply the current version of sections 1202.4 and 1202.45 without violating the ex post facto clause of the United States and California Constitutions. We further believe, however, that the trial court is vested with the discretion to select any restitution fine it finds appropriate in a dollar amount no more than $10,000 and no less than $200. Because we cannot clearly discern the trial court's sentencing discretion in imposing the restitution fine, we will remand for the trial court to exercise its discretion to do so. We therefore do not accept the appellant's invitation to simply multiply his sentence of 44 years by $200 to achieve the restitution fine from the original plea agreement of $8,800.

## DISPOSITION

The court's imposition of a restitution fine pursuant to Penal Code sections 1202.4 and 1202.45 of $12,320 is vacated. The case is remanded for the trial court to impose a new restitution fine of no more than $10,000 and not less than $200, to amend the abstract of judgment indicating the new amount of the restitution fine pursuant to Penal

4

Code sections 1202.4 and 1202.45, and to forward an amended abstract of judgment to the appropriate authorities.  The judgment is otherwise affirmed.